LLOYD E. THOMPSON and MAE JOE THOMPSON,

*Plaintiffs and Appellants*

vs.

TOM SEARL, doing business as Tom Searl Realty,

*Defendant and Respondent*

(No. 2735; September 25, 1956; 301 Pac. (2d) 804)

For the plaintiffs and appellants, the cause was submitted upon the brief of Paul B. Lorenz of Cheyenne, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief of Vincent Mulvaney and Philip White of Cheyenne, Wyoming.

Justice Parker delivered the opinion of the court.

## OPINION

This case purports to be an action on contract; and plaintiffs allege that in January 1952 they employed

defendant, a real estate broker, to sell their property at 1008-10 East 21st Street, Cheyenne, Wyoming, for $26,000 cash, agreeing to pay defendant a commission of 5 per cent of the sale price; that defendant later informed plaintiffs of prospective buyers who, if allowed to transfer their 805 Foyer Avenue property at $17,850 as part payment, would pay the sellers' price of $26,000; that plaintiffs accepted the said buyers' offer, provided the $17,850 price for the Foyer Avenue property was the lowest value buyers would accept and with the understanding that defendant would receive no commission from the buyers; that thereafter the sale was consummated, and plaintiffs paid defendant $1,300, representing 5 per cent commission on the entire sale price; that subsequent to the sale plaintiffs learned that defendant had received from buyers the sum of $850 as commission for handling the buyers' property; that plaintiffs had been "damaged' 'in the sum of $850, for which amount demand had been made.

Defendant demurred to the petition. The demurrer was overruled and defendant then filed an answer in which as a third defense defendant again demurred. The case proceeded to trial and the court thereafter entered a judgment reciting "evidence having been introduced by both plaintiffs and defendant, and both parties having rested their case, * * * the Court * * * finds that the demurrer of the defendant to the petition of the plaintiffs should be sustained and plaintiffs' petition dismissed. * * *

IT IS * * * ORDERED, ADJUDGED AND DECREED that plaintiffs' petition be dismissed, without prejudice * * *."

Plaintiffs have appealed, urging that there was an understanding between plaintiffs and defendant that defendant would receive no commission from *buyer* for

the transfer of the property, and that plaintiffs were therefore entitled to waive the tort action and recover the $850 in the action under contract.

In the response to this argument, defendant insists that under "the theory of appellant * * * two contracts existed in connection with the sale of their property: One between the appellants and the buyers of their property * * *, and another between appellants and the respondent," and contends "the trial court apparently took the view that the contract of the parties was expressed in the written agreement * * *, and that * * * any collateral understanding or oral understanding contrary to the written agreement * * * was not well pleaded."

Notwithstanding plaintiffs' use of the word "damaged" in their petition, both parties, throughout their arguments, have considered the case as a contract action. Since the reason for the judgment was the sustaining of defendant's demurrer, we need consider only the sufficiency of the petition. Addressing ourselves to that instrument, we find there no statement which substantiates defendant's conclusion that he believes "the petition shows upon its face that the entire agreement of the parties was reduced to writing." Nothing therein is stated about a written agreement. Thus, we are unable to follow the philosophy which defendant presents as being that of the trial court, "any collateral understanding or oral understanding contrary to the written agreement had no purpose in the petition and was not well pleaded."

We now advert to the allegations in paragraph four of plaintiffs' petition, "it being the understanding between the plaintiffs and defendant that defendant would receive no commission from the buyers." Whether or not any allegation relating to an understanding

on this subject was well pleaded need not be determined, inasmuch as an agreement to this effect is not a prerequisite of recovery in an action of this nature.

The rule is well stated in 3 C.J.S., Agency § 165:

" * * * it is a breach of good faith and loyalty to his principal for an agent, while the agency exists, so to deal with the subject matter thereof, or with information acquired during the course of the agency, as to make a profit out of it for himself in excess of his lawful compensation; and if he does so he may be held as a trustee and may be compelled to account to his principal for all profits, advantages, rights, or privileges acquired by him in such dealings, whether in performance or in violation of his duties, and be required to transfer them to his principal upon being reimbursed for his expenditures for the same, unless the principal has consented to or ratified the transaction knowing that benefit or profit would accrue, or had accrued, to the agent ***."

More specifically as relates to brokers, this matter is discussed in 12 C.J.S., Brokers § 74:

"* * * Where * * * the broker is employed as the agent of either party, so that that party relies on him to secure the best bargain possible, then the general rule forbidding a secret double employment applies * * * and the broker cannot recover commissions from both parties to the transaction, unless they have knowledge that he is acting for both and consent thereto either expressly or impliedly. * * * "

This matter is also discussed in 8 Am.Jur., Brokers § 96, where it is stated:

" * * * The law does not permit a broker to manipulate his agency for his own personal gain, but holds him answerable to his employer for any secret profits he may have made in his own behalf. Thus, as a general rule, where a broker in the course of his employment secretly accepts a commission from the other party to the contract, he is not permitted to return it but is compelled to account to his principal therefor. * * * "

The note substantiating his statement cites Easterly v. Mills, 54 Wash. 356, 103 P. 475, which is reported and discussed in an Annotation at 28 L.R.A. (N.S.) 952. Other cases are available on the subject, but the rule is so clear that we think further discussion is unnecessary.

As above indicated, our views relate solely to the petition and the demurrer, and include no consideration of defendant's answer in which there is reference, among other things, to defendant's services in procuring a loan of $14,000 for the buyers of plaintiffs' property. We express no opinion as to the merits of the case, if and when the issues are fully presented under proper pleadings.

We should not conclude without alluding to one matter which has not been raised in the briefs but which is disturbing.

The judgment of the lower court in this case provided that the plaintiffs' "petition be dismissed, without prejudice." We have had considerable concern as to the appealability of such a judgment. An analysis of the authorities shows that there is not unanimity of opinion as to the appealability of a judgment which dismisses plaintiff's petition "without prejudice." This is true even in Ohio, from whose laws Wyoming took her statutes relating to "final order" and the court's appeal jurisdiction.

What was meant in the judgment by the words "without prejudice" we do not know, but apparently the parties to this suit thought this order was *final*. Since counsel have not urged to the contrary, we are willing to accept that viewpoint in this case. We think however that the words "without prejudice" should not hereafter be used in a judgment or order unless the

issuing court *intends thereby to say* that the order is *not* final.

For the reasons above stated, the judgment is reversed and the case is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.